UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARTIN L. MANLEY,

    Plaintiff,    Case No. 1:11-cv-149

v.    Honorable Gordon J. Quist

UNKNOWN McCOMB et al.,

    Defendants.
_____/

## OPINION

  This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Woldhuis. The Court also will dismiss Plaintiff's procedural and substantive due process claims against Defendants McComb and Gill. The Court will serve Plaintiff's retaliation claim against Defendants McComb and Gill.

## Discussion

  I.  Factual allegations

  Plaintiff Martin (a/k/a Marlin) L. Manley presently is incarcerated at the Carson City Correctional Facility, though the actions of which he complains occurred while he was housed at

the Richard A. Handlon Correctional Facility (MTU). He sues MTU Corrections Officers (unknown) McComb and (unknown) Gill, as well as MTU Assistant Resident Unit Supervisor (ARUS) (unknown) Woldhuis.

Plaintiff alleges that, on December 24, 2010, as Plaintiff walked past the officer's station, Defendant McComb threw a roll of toilet paper at Plaintiff. Plaintiff ducked to avoid being struck. Officer McComb and the other officers present at the officer's station began laughing. Plaintiff told McComb that he intended to file a grievance against him, and McComb stated that "he did not give a fuck." (Compl., Page ID#7.) Plaintiff then told McComb that he "must have an inferior [sic] complex because he [] have to do stuff like that to make him feel like a[] man." (*Id.*) Defendant McComb became angry and told Plaintiff that he would pay for his remark. Defendant Gill added that Plaintiff was the person in prison.

Shortly after Plaintiff returned from lunch, Defendant McComb called Plaintiff to the officer's station and told him that he planned to write Plaintiff a minor-misconduct ticket for creating a disturbance.[1] Plaintiff received the misconduct report on December 28, 2010. The misconduct ticket falsely alleged that, while McComb was escorting another inmate, Plaintiff yelled to the escorted prisoner in an attempt to verbally encourage the prisoner to become combative. McComb also alleged that Plaintiff's outburst caught the attention of many inmates, drawing them out of their cells.

On January 5, 2011, Plaintiff appeared before ARUS Woldhuis, who served as the hearing officer on the minor misconduct charge. Plaintiff contested the charge, alleging that Defendant McComb had been harassing him as the result of several disciplinary grievances Plaintiff filed against McComb. Plaintiff provided prisoner witness statements about the December 24, 2010 toilet-paper incident. Defendant Woldhuis told Plaintiff that Defendant Gill had submitted a

---

[1] *See* MICH. DEP'T OF CORR., Policy Directive 03.03.105, Attach. B (eff. Nov. 1, 2010) (listing the offense of creating a disturbance as a Class II misconduct. Class II misconducts are adjudicated in informal hearings before corrections staff of a certain level. PD 03.03.105, ¶OO.

statement supporting Defendant McComb. Plaintiff objected that Defendant Gill's statement had not previously been read to him, so he was unaware that inmate Ingram was the prisoner to whom Plaintiff allegedly made comments. Plaintiff asked for an adjournment of the hearing so that he could obtain a statement from Ingram. Defendant Woldhuis denied the request, finding that the misconduct ticket was fully supported by the statements of McComb and Gill.

Plaintiff alleges that Defendants McComb and Gill conspired to concoct a false disciplinary charge in order to deprive him of a fair hearing, in violation of his right to procedural and substantive due process. He further alleges that Defendant Woldhuis deprived him of due process by failing to consider all of the evidence on the record. In addition, Plaintiff's allegations imply a claim that McComb and Gill conspired to retaliate against Plaintiff for his past grievances and his threat to file a new grievance.

For relief, Plaintiff seeks declaratory relief and expungement of the misconduct conviction, together with punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendants McComb and Gill conspired to falsely charge him with a minor misconduct in order to deprive him of due process of law. Plaintiff also alleges that Defendant Woldhuis deprived him of his procedural and substantive due process rights when he failed to investigate or consider Plaintiff's asserted defense to the minor misconduct charge and refused to allow him to obtain a witness statement.

"Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Plaintiff does not allege that he lost any good-time credits as a result of the conviction, nor could he. Sanctions for Class II misconducts are limited to

a maximum of five days of toplock[2], 30 days of loss of privileges, 40 hours of extra duty, and restitution. MICH. DEP'T OF CORR., Policy Directive 03.03.105, Attach. D. A brief sentence of "toplock" does not amount to an atypical or significant hardship. *See Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000). As a consequence, Plaintiff had no due process liberty interest in the minor misconduct hearing because he did not allege any punishment that affected the duration of his confinement, or that constituted an atypical and significant hardship." *Id.*; *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999) ("Staffney suffered no loss of good time credits as a result of his minor misconduct conviction and the sanctions he received do not represent a liberty interest recognized by the constitution.").

In addition, the Substantive Due Process Clause does not provide any basis for relief. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952)); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). Generally, a false misconduct charge may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson,* 861 F.2d 943, 950 (6th Cir.1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). Here, however, Plaintiff suffered only an unpleasant interaction with Defendant McComb and was convicted of a minor misconduct. The alleged conduct neither shocks the conscience nor constitutes an egregious abuse of power. Plaintiff therefore fails to state a substantive due process claim.

---

[2] "Toplock" is the term used by the MDOC for confinement to quarters. MICH. DEP'T OF CORR., Policy Directive 03.03.105, Attach. D.

As a result, Plaintiff fails to state a claim of either procedural or substantive due process against any Defendant. Because Plaintiff raises no other claim against Defendant Woldhuis, Woldhuis is entitled to dismissal of the action against him. Upon review, the Court concludes that Plaintiff's retaliation claim against Defendants McComb and Gill is sufficient to warrant service of the complaint.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint against Defendant Woldhuis will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also concludes that Plaintiff's due process claims against Defendants McComb and Gill will be dismissed for failure to state a claim. The Court will order service of the retaliation claim against Defendants McComb and Gill.

An Order consistent with this Opinion will be entered.


Dated: May 19, 2011 　　　　　　　　　　　　/s/ Gordon J. Quist　　　　　　
　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE