UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN L. MANLEY,

        Plaintiff,

Case No. 1:11-cv-149

Hon. Gordon J. Quist

v.

UNKNOWN McCOMB, *et al.*,

        Defendants.

                              /

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Frank Gill's motion for summary judgment (docket no. 13).

**I.**    **Background**

Plaintiff filed a complaint naming three defendants. Compl. (docket no. 1). The court previously summarized plaintiff's allegations as follows:

> Plaintiff Martin (a/k/a Marlin) L. Manley presently is incarcerated at the Carson City Correctional Facility, though the actions of which he complains occurred while he was housed at the Richard A. Handlon Correctional Facility (MTU). He sues MTU Corrections Officers (unknown) McComb and (unknown) Gill, as well as MTU Assistant Resident Unit Supervisor (ARUS) (unknown) Woldhuis.
>
> Plaintiff alleges that, on December 24, 2010, as Plaintiff walked past the officer's station, Defendant McComb threw a roll of toilet paper at Plaintiff. Plaintiff ducked to avoid being struck. Officer McComb and the other officers present at the officer's station began laughing. Plaintiff told McComb that he intended to file a grievance against him, and McComb stated that "he did not give a fuck." (Compl., Page ID#7.) Plaintiff then told McComb that he "must have an inferior [sic] complex because he [] have to do stuff like that to make him feel like a[] man." (Id.) Defendant McComb became angry and told Plaintiff that he would pay for his remark. Defendant Gill added that Plaintiff was the person in prison.

> Shortly after Plaintiff returned from lunch, Defendant McComb called Plaintiff to the officer's station and told him that he planned to write Plaintiff a minor-misconduct ticket for creating a disturbance. Plaintiff received the misconduct report on December 28, 2010. The misconduct ticket falsely alleged that, while McComb was escorting another inmate, Plaintiff yelled to the escorted prisoner in an attempt to verbally encourage the prisoner to become combative. McComb also alleged that Plaintiff's outburst caught the attention of many inmates, drawing them out of their cells.
>
> On January 5, 2011, Plaintiff appeared before ARUS Woldhuis, who served as the hearing officer on the minor misconduct charge. Plaintiff contested the charge, alleging that Defendant McComb had been harassing him as the result of several disciplinary grievances Plaintiff filed against McComb. Plaintiff provided prisoner witness statements about the December 24, 2010 toilet-paper incident. Defendant Woldhuis told Plaintiff that Defendant Gill had submitted a statement supporting Defendant McComb. Plaintiff objected that Defendant Gill's statement had not previously been read to him, so he was unaware that inmate Ingram was the prisoner to whom Plaintiff allegedly made comments. Plaintiff asked for an adjournment of the hearing so that he could obtain a statement from Ingram. Defendant Woldhuis denied the request, finding that the misconduct ticket was fully supported by the statements of McComb and Gill.
>
> Plaintiff alleges that Defendants McComb and Gill conspired to concoct a false disciplinary charge in order to deprive him of a fair hearing, in violation of his right to procedural and substantive due process. He further alleges that Defendant Woldhuis deprived him of due process by failing to consider all of the evidence on the record. In addition, Plaintiff's allegations imply a claim that McComb and Gill conspired to retaliate against Plaintiff for his past grievances and his threat to file a new grievance.
>
> For relief, Plaintiff seeks declaratory relief and expungement of the misconduct conviction, together with punitive damages.

Opinion at pp. 1-3.

On initial screening pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321(1996), the court dismissed one defendant, Unknown Woldhuis, and ordered service on the remaining two defendants, Corrections Officers Frank Gill and CO Unknown McComb, with respect to plaintiff's claim that Gill and McComb retaliated against him. *See*

Opinion and Order (docket nos. 5 and 6). Officer McComb has only recently been served. Pending before the is Officer Gill's motion for summary judgment.

### III. Defendant's motion for summary judgment

### A. Legal Standard

Officer Gill has moved for summary judgment on various grounds, including failure to exhaust administrative remedies.[1] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of

---

[1] The court notes that in addition to his 23-page response to the motion for summary judgment (docket no. 17), plaintiff has filed *three* sur-reply briefs (docket nos. 21, 22 and 23). Plaintiff's sur-reply briefs are not authorized by the local court rules. The briefing schedule for a dispositive motion consists of an initial brief filed by the moving party in support of the motion, a responsive brief filed by the party opposing the motion, a reply brief by the moving party. *See* W.D. Mich. LCivR 7.2(c). The local court rules also provide that "[t]he Court may permit or require further briefing." *Id.* Here, the court did not permit or require plaintiff to file any sur-reply briefs. Accordingly, the court will disregard plaintiff's three unauthorized sur-reply briefs.

> production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.    Failure to exhaust**

**1.    Exhaustion requirement**

The PLRA, 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the giveable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues shall be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### 3. Plaintiff failed to properly exhaust a grievance against defendant Gill

In an affidavit filed in support of defendant's motion, Richard D. Russell, the MDOC's Manager of the Grievance Section, stated that he searched the MDOC's database and found that plaintiff had filed only one grievance at MTU which he exhausted through Step III. Richard D. Russell Affidavit at ¶¶ 1, 18 (docket no. 14-3). This grievance, MTU-10-08-0854-12f ("854"), pertains to allegations that plaintiff's health care needs were not being met for his chronic varicose veins and leg pain. *Id.* at ¶ 18; Grievance no. 854 (docket no. 14-3 at pp. 7-8).[2] There is no record of plaintiff having filed a Step III grievance regarding any acts of retaliation involving Officers McComb or Gill in December 2010 or January 2011 (i.e., the times alleged in the complaint). Russell Aff. at ¶ 19. Plaintiff has failed to rebut or contradict Manager Russell's sworn statement that he failed to exhaust grievance 1088 through Step III. On the contrary, plaintiff contends that it was unnecessary for him to file a grievance, because decisions made at misconduct hearings are not grievable under Policy Directive "03.02.103(4)." Plaintiff's Brief (docket no. 17 at p. 5).

Plaintiff is correct that certain issues are non-grievable. He apparently relies on Policy Directive 03.02.130 ¶ F.4., which provides in pertinent part that "Grievances that raise the following non-grievable issues . . . shall be rejected: . . . 4. Decisions made in minor misconduct hearings, including property disposition."[3] However, ¶ F.4. is inapplicable to plaintiff's retaliation claim against Officer Gill. In this regard, the court notes that it was former defendant ARUS

---

[2] As Officer Gill points out, plaintiff's claim arising from this grievance is being litigated in a separate action in this court. *See Manley v. Smith et al.*, 1:11-cv-163 (W.D. Mich.).

[3] The court notes that plaintiff appealed the adverse misconduct decision. *See* MDOC Class II and Class III Misconduct Appeal (docket no. 17-2 at p. 10).

6

Woldhuis, not Officer Gill, who issued the decision in plaintiff's minor misconduct hearing. Furthermore, plaintiff's remaining claim against Officer Gill involves alleged retaliation committed prior to the issuance of the minor misconduct decision. Plaintiff is well aware of the MDOC grievance process, having grieved three issues through Step III. "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Viewing the evidence in the light most favorable to plaintiff, the record reflects that he failed to properly exhaust a grievance against Officer Gill. *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. Accordingly, Officer Gill is entitled to summary judgment on grounds of lack of exhaustion.[4]

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendant Gill's motion for summary judgment (docket no. 13) be **GRANTED** for failure to exhaust administrative remedies.

Dated: February 21, 2012
/s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

---

[4] Defendant Gill also seeks summary judgment on grounds that he did not retaliate against plaintiff and that he is entitled to qualified immunity. Because plaintiff failed to properly exhaust his administrative remedies, and has failed to meet the precondition for filing this action under 42 U.S.C. § 1997e(a), it is unnecessary to perform any further review of his complaint.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).