UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN L. MANLEY,

    Plaintiff,

v.                                                          Case No. 1:11-CV-149

UNKNOWN McCOMB, et al.,                HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Martin L. Manley, has filed an Objection to the Report and Recommendation ("R & R") issued February 21, 2012, in which Magistrate Judge Brenneman recommended that the Court grant Defendant Frank Gill's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. In the R & R, the magistrate judge noted that Plaintiff failed to rebut Defendant McGill's evidence that Plaintiff failed to pursue his grievance through Step III of the grievance procedure. The magistrate judge further noted that while Plaintiff claimed that he was not required to exhaust in light of MDOC Policy Directive 03.02.130 ¶ F.4, which provides that decisions made in minor misconduct hearings are non-grievable, the Policy does not apply to Plaintiff's retaliation claim against Officer Gill because Officer Gill did not render the misconduct hearing decision and Plaintiff's retaliation claim concerns events that occurred prior to the misconduct decision. (R & R at 6-7.)

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted, and Defendant Gill's motion for summary judgment granted.

In his Objection, Plaintiff continues to rely on Policy Directive 03.02.130 ¶ F.4 as excusing the exhaustion requirement. He argues further, however, that "the MDOC have [sic] a policy to reject any grievance that have [sic] any relationship to a misconduct report." (Objection at 4.) In support of this assertion, Plaintiff cites *Marr v. Fields*, 1:07-CV-494, 2008 WL 828788 (W.D. Mich. Mar. 27, 2008), and *Rancher v. Franklin County*, 122 F. App'x 240 (6th Cir. 2005). The Court notes that Plaintiff cited these cases in unauthorized briefs filed in opposition to Defendant Gill's motion. The magistrate judge concluded that because Plaintiff failed to seek permission to file these briefs as required by the local rules, they should be disregarded. (R & R at 3 n.1.)

Even with the benefit of *Marr* and *Rancher*, Plaintiff still fails to defeat the motion for summary judgment. Both cases support the proposition that a prisoner may be excused from exhausting his administrative remedies if he can demonstrate through admissible evidence that prison officials construe a policy broadly to preclude all grievances relating to the particular matter, such as minor misconduct hearings. In *Marr*, the plaintiff challenged the retaliatory motive in his misconduct hearing and in his appeal of the misconduct finding. *Marr*, 2008 WL 828788, at *7. The court found that "Plaintiff's evidence, if believed, would demonstrate that hearing officers enforced a broad interpretation of the policy, rejecting all grievances that relate in any way to a misconduct charge." *Id.* at *6.

While the plaintiff in *Marr* submitted sufficient evidence to show that hearing officers enforced such a broad interpretation, Plaintiff has not done so in the instant case. The Court notes that Plaintiff does attach a handwritten copy of a memorandum he received from a grievance coordinator in another case, in which the grievance coordinator appears to have enforced the Policy beyond the misconduct decision itself, noting that Plaintiff's recourse regarding decisions made during misconduct hearings was through the appeals process. (Docket no. 33 at Page ID#195.)

Plaintiff notes that his grievance concerned video documents that he had requested in connection with the hearing. Assuming the accuracy of this document, it tends to show that the MDOC applied the Policy not only to the ultimate misconduct decision, but to decisions made in connection with the process. Nonetheless, the Court is not persuaded that Plaintiff's exhibit suffices to establish that MDOC grievance personnel would apply the Policy so broadly as to encompass a claim that Defendant Gill made a false statement in support of the misconduct charge in retaliation against Plaintiff. Plaintiff's claim against Gill concerns retaliatory motive for filing the grievance, while his complaint in the matter referenced in Plaintiff's exhibit concerned evidence that Plaintiff wished to obtain to defend against a misconduct charge. The two matters concern different issues. Moreover Plaintiff's evidence in the instant case, even if admissible, is much less compelling than the evidence the plaintiff offered in *Marr*. In *Marr*, the plaintiff presented evidence that, among other things, the grievance coordinator had informed him that he could not grieve the retaliatory nature of the misconduct report and that if the plaintiff continued to file non-grievable grievances, he would issue the plaintiff a misconduct report and place him on grievance restriction; that another prisoner's grievance about the motive behind the issuance of a misconduct report had been rejected as non-grievable because it related to a misconduct ticket; and that the grievance coordinator had informed the plaintiff that he should find someone else to file his grievance because he was only entitled to one grievance per year. *Marr*, 2008 WL 828788, at *6. Plaintiff has not presented such evidence here. Moreover, there is no indication that the plaintiff in *Marr* and Plaintiff here dealt with the same grievance coordinator; in fact, the events giving rise to Plaintiff's claim in this case occurred at a different facility than those at issue in *Marr*. Stated differently, Plaintiff has not shown that all grievance coordinators throughout the MDOC construe the Policy in the same manner. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 21, 2012 (docket no. 32 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Gill's Motion for Summary Judgment (docket no. 13) is **GRANTED** based upon Plaintiff's failure to exhaust his administrative remedies.


Dated: March 21, 2012                                         /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE